THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* VINCENT TRINCHILLO, Appellant.

Fourth Department, July 11, 1956.

*Henry A. Lowenberg* for appellant.

*Arthur W. Wilson, District Attorney* (*Charles A. McNett* of counsel), for respondent.

*Per Curiam.* The defendant was convicted of the crime of grand larceny in the second degree. The record discloses that the verdict of the jury was against the weight of the evidence.

The oral testimony was doubtful, confused and, in some respects, vague and unconvincing. In returning a verdict of guilty the jury was, doubtless, influenced to an unusual degree by a so-called written confession of the defendant which was received in evidence. This confession was obtained after the defendant had been held in jail without arraignment for over 62 hours after his arrest. Just before defendant signed the statement, the detective, who took it and who had not previously worked on the case, found him sitting alone in a police office directly above the jail at about seven in the morning. The defendant complained of feeling ill. The long delay preceding the statement and the arraignment was not explained.

The defendant was entitled to be arraigned without unnecessary delay (Code Crim. Pro., § 165) and the failure to do so may, in itself, constitute a crime (*People* v. *Mummiani,* 258 N. Y. 394; Penal Law, § 1844.)

We cannot condemn too strongly the practice here employed. The holding of this prisoner in violation of section 165 is disapproved by this court. Perhaps, upon a new trial, some explanation of this defendant's treatment may be given.

While the detention of the defendant was a wrong that should not be condoned, a confession secured during such detention is not necessarily invalid or inadmissible but may sometimes be received in evidence and considered by the jury (*People* v. *Mummiani, supra*). However, such delay, unexplained, may be the basis for a new trial (*People* v. *Redmond,* 265 App. Div. 307; *People* v. *Kelly,* 264 App. Div. 14; *People* v. *Cohen,* 243 App. Div. 245).

Further, we feel constrained to comment on the testimony and attitude of the witness, Detective Tracy. His failure to answer questions responsively and his repeated attempts in answering questions to inject extraneous matters, although admonished several times by the Trial Judge, tended to be prejudicial to a fair and just trial.

The judgment of conviction should be reversed and a new trial granted.

All concur. Present — VAUGHAN, J. P., KIMBALL, WHEELER, WILLIAMS and BASTOW, JJ.

Judgment of conviction reversed on the law and facts and a new trial granted.