William J. Burke, J.
This is a motion brought by an order to show cause why this court should not order that the defendant be released upon his own recognizance pursuant to CPL 180.80.
The facts of this case briefly indicate that the defendant requested his release in the Syracuse City Court pursuant to CPL 180.80 on the grounds that 72 hours had elapsed since the filing of a felony complaint without either a disposition of that complaint or commencement of a hearing thereon.
The motion was denied, and such denial was apparently based upon the court’s reading of CPL 530.20 (subd 2, par [a]) which indicates that: "When the defendant is charged by felony complaint, with a felony, the court may, in its discretion, order recognizance or bail except as otherwise provided in this subdivision: (a) A city court, a town court or a village court may not order recognizance or bail when * * * (ii) it appears that the defendant has two previous felony convictions”. (Emphasis added.)
It is conceded that the defendant in the instant case does have two felony convictions.
The confusion in this type of matter arises out of the above-cited language in CPL 530.20 (subd 2, par [a]) which indicates that a local criminal court may not order bail on recognizance of one with two prior felony convictions, and the mandatory language of CPL 180.80, which specifically indicates that the local criminal court must release a defendant after 72 hours have elapsed since the filing of the felony complaint without disposition, or the start of a hearing. CPL 180.80 is mandatory in language and does not limit its applicability by reference to the CPL 530.20 (subd 2, par [a]) situation.
It is the court’s opinion that CPL 530.20 (subd 2, par [a]) deals with an initial stage of a criminal proceeding when the local criminal court still has discretion either to order bail or release on own recognizance; however, once 72 hours have elapsed with no disposition or hearing, then CPL 180.80 becomes applicable and release by the local criminal court on one’s own recognizance is mandatory.
*793 However, in the instant case, to expedite the release of this defendant, it is the order of this court that the defendant, Elvin Porter, be released on his own recognizance pursuant to this court’s authority under CPL 530.30 (subd 1, par [b]).
This court’s ruling to order recognizance is not based upon CPL 530.30 (subd 1) in that it is this court’s belief that the lower court does not lack authority to order release on one’s own recognizance, once the conditions of CPL 180.80 are satisfied, regardless of the defendant’s prior conviction record.
This decision is being written to specifically decide this issue in this county; release in the instant case was ordered to satisfy the requirements of the law. However, it is expected that future cases of this nature will be handled in the lower court, pursuant to the mandates of CPL 180.80.