OPINION OF THE COURT
Ascher Katz, J.
On August 17, 1982, defendant was arrested by Green-burgh police pursuant to a warrant issued upon a felony complaint charging him with burglary in the second degree in violation of subdivision 2 of section 140.25 of the Penal Law. He was promptly fingerprinted and photographed by the police. On the same day, he was directed to be held by the then presiding Town Justice on $10,000 insured bond or cash bail. The securing order provided for the return of the defendant on the next available court date which was then August 24, 1982. He was not arraigned. Other Judges were available to arraign at all times between August 17 and August 24, 1982.
On August 24, 1982, assigned counsel for defendant moved for the release of the defendant on his own recognizance pursuant to CPL 180.80 on the grounds that defendant had been confined for 72 hours without being afforded a felony hearing.[1]
*123 After extended discussion and argument at the Bench, the District Attorney was asked if the People were prepared to proceed with a felony hearing. The People stated they could be ready within a week. The court directed the release of the defendant on his own recognizance and put the cause over to August 27, 1982. On August 27, 1982, defendant failed to appear and a bench warrant was issued.[2]
On September 10, 1982, Westchester-Rockland newspapers carried a banner headline across the front page, “Suspect At Large as Judges Argue”. There were over 25 inches of headlines, newsprint and photographs. During a subsequent campaign for Supreme Court Justice, the undersigned was questioned about his bail decision. Following interview by the Gannett newspaper chain, the undersigned was characterized as one “who has demonstrated firm ness and independence”. (Westchester-Rockland newspapers, Oct. 28, 1982.)
In view of the public interest expressed in this particular matter and the general public interest, a written decision setting forth the reasons for the defendant’s release is required.
It is a truism that the lifeblood of individual rights is found in the procedure available to effectuate these rights. Substantial compliance with procedural rights is necessary to prevent a society from sliding into the darkness of totalitarianism. Police power rightfully exercised protects the public. Police power wrongfully used is the dictator’s weapon. The Criminal Procedure Law of New York requires prompt arraignment pursuant to a warrant of arrest or arrest without a warrant (CPL 120.90, 140.20). Upon arresting a person with a warrant, the police must record his fingerprints, perform other preliminary police duties, bring the arrested person before a local criminal court, and file an appropriate accusatory instrument charging the defendant with the offense in question, all without unnecessary delay. (CPL 120.90.)
*124 Arraignment is not a mere technical formality. It is a means by which essential fairness is introduced into the criminal justice system balancing the rights of the public to be free from criminal activity with the right of the defendant to be clothed with a meaningful presumption of innocence, to allow him to prepare his defense against the power of the State. Prompt arraignment insures that defendant is advised of the charges against him, and of his right to counsel, to seek bail, to communicate with counsel, family and friends and to advise as to whereabouts, to undertake prompt investigation of the charges, and to do all that can be done to meet the challenge of the arrest. The arraignment is a crucial stage in the proceedings and from the defendant’s point of view it is the first time that he is brought into neutral territory after being arrested, fingerprinted, photographed and held incommunicado for a reasonable period pending police processing. It would have been at arraignment that the defendant coúld have made his demand for a felony hearing under the then existing CPL 180.80. The statutory scheme also insists on prompt arraignment to permit the police to remain free of suspicion of threats and brutality in the extortion of confession. (People v Mummiani, 258 NY 394, 399-401; People v Alex, 265 NY 192; People v Snyder, 297 NY 81; People v Lovello, 1 NY2d 436; People v Kelly, 8 AD2d 478; People v Calebressi, 233 App Div 79.)
Unnecessary delay in bringing the defendant for arraignment constitutes a violation of the statute; a delay in arraignment from arrest on Saturday night until Monday morning, where the defendant could have been arraigned on a Sunday, renders the police guilty of unnecessary delay as a matter of law. (People v Lovello, 1 NY2d 436, supra.) A delay in affording a defendant a felony hearing within 72 hours after arraignment or without disposition violates CPL 180.80. (People v Lethenia, 87 Misc 2d 713.)
Failure to cause a defendant to be arraigned without unreasonable delay may constitute a crime. (People v Mummiani, 258 NY 394, supra; People v Trinchillo, 2 AD2d 146; People v Kelly, 264 App Div 14.)
Police may also be liable for civil damages for violating the defendant’s rights. (Bass v State, 196 Misc 177.)
*125 Even where the defendant has been convicted of two previous felonies and the lower criminal court ordinarily would not have jurisdiction to fix bail under CPL 530.20 (subd 2), the local court must release the defendant on his own recognizance where there has been a violation of CPL 180.80. (People v Porter, 90 Misc 2d 791.)
The language of CPL 180.80 on the date of arrest reads as follows:
“Upon application of a defendant against whom a felony complaint has been filed with a local criminal court, and who, either at the time of arraignment thereon or subsequent thereto, has been committed to the custody of the sheriff pending disposition of such felony complaint, and who has been confined in such custody for a period of more than seventy-two hours without either a disposition of the felony complaint or commencement of a hearing thereon, the local criminal court must release him on his own recognizance, unless:
“1. The failure to dispose * * * was due to the defendant’s request, action or condition, or occurred with his consent; or
“2. Prior to the application, an indictment * * * was filed * * * or
“3. The court is satisfied that the people have shown good cause why such order of release should not be issued.”
Following defendant’s arrest, the police properly discharged their duties under CPL 120.90 by promptly fingerprinting and processing the defendant and notifying the then presiding Town Justice of his arrest for the purpose of having him brought before the court. After communicating with the then presiding Town Justice on August 17, 1982, the date of the arrest, the police acted in compliance with his directions (as they were required to do). It was the commitment signed by the then presiding Town Justice which ordered defendant held in lieu of $10,000 secured bond or cash bail until August 24,1982, one week later. He never ordered the defendant to be arraigned before himself or any other court or Judge in the interim and did not notify any other court or Judge of defendant’s arrest and incarceration and did not assign counsel to defendant nor *126 was defendant represented by private counsel. Counsel was assigned on August 24, 1982 when the defendant was brought before the court for the first time.
While it is true that the defendant did not demand a felony hearing at the time of his arrest, he was not brought before any court and there was no forum to make the demand prior to August 24, 1982. The strict injunction to the police to promptly bring a defendant to a court imposes a correlative requirement upon the court to promptly discharge its duty to arraign. Failure of the court to do so results in a violation of defendant’s rights. Otherwise, the requirement that the defendant be promptly processed by the police and promptly brought before a court would be rendered nugatory by a court that did not perform its own obligations to promptly arraign. There appear to be no cases directly in point. This court is persuaded by the statutory provisions and authorities cited herein that the obligation of the court to promptly arraign under CPL 120.90 is clear and must be recognized.
Denzer’s Practice Commentary to CPL 180.80 (McKinney’s Cons Laws of NY, Book 11 A, pp 85-86), on the date of arrest provides as follows:
“This section [CPL 180.80] is designed to prevent the situation in which a defendant who has been arraigned upon a felony complaint is, by reason of the court’s refusal to fix bail or of the defendant’s inability to furnish bail in the amount fixed, confined in prison for an extensive period awaiting preliminary examination of the charge >}c í|í >ji
“Unless the defendant himself causes or consents to a delay, or a grand jury has in effect terminated the lower court proceeding by filing an indictment or a direction to file a prosecutor’s information for or in connection with the offense charged, or some other compelling fact or circumstance justifying delay or dispensing with the necessity of an examination is shown by the People, the examination must be commenced within seventy two hours of the issuance of the order of commitment pursuant to which the defendant is confined. Failure to accord the defendant such timely examination, though not resulting in dismissal of *127 the felony complaint, requires that, upon application, he be released on his own recognizance.” (Emphasis supplied.)
The 1982 amendment to CPL 180.80 while expanding to a maximum of 144 hours the time within which the defendant must be afforded a hearing (and it was more than 144 hours in the instant case that the defendant was returned to court) makes clear that a defendant must be released on his own recognizance who “since the time of his arrest or subsequent thereto, has been held in custody pending disposition of such felony complaint, and who has been confined in such custody for a period of more than * * * one hundred forty-four hours, without either a disposition of the felony complaint or commencement of a hearing”.
The new amendment was signed into law on July 22, 1982. The Governor’s message indicated that the Division of Criminal Justice Services and the New York State District Attorney’s Association approved the amendment.
Holding a prisoner incommunicado for seven days is something that simply should not happen in a democratic society. The defendant is accordingly released on his own recognizance.

. Effective Aug. 21,1982, the time period was extended to 144 hours. This decision is not affected by the change. At the time of the court’s decision, the change in the law *123 was not argued by counsel and the court was not aware of the change. Had the court considered the change, the decision would have been the same.

. On Oct. 8, 1982, defendant was arrested on the bench warrant and he was subsequently held for action by the Grand Jury.