■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CARL SUDDITH and WILLARD CRADLE, Appellants, v SHERIFF OF ULSTER COUNTY et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Bradley, J.), entered August 18, 1982 in Ulster County, which dismissed a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, after a hearing. Petitioners were arrested on July 17, 1982 and charged, by felony complaint, with the crime of criminal possession of stolen property in the first degree. They were promptly arraigned. A preliminary hearing scheduled for July 23, 1982 was adjourned by the Town Justice to July 30, 1982 in order to permit counsel for petitioners to be present. At the conclusion of the July 30 hearing, at which petitioners elected to proceed *pro se,* petitioners were ordered held for action by the Grand Jury. Subsequent thereto, petitioners made application for a writ of habeas corpus, alleging that further detention was unlawful in that they had not been afforded a preliminary hearing within 72 hours of arraignment. The writ was granted and, following a hearing, was dismissed by Special Term based upon a finding that petitioners were no longer being held pursuant to the felony complaint, but rather upon the order of the Town Justice that reasonable cause existed for their continued detention pending action by the Grand Jury. This appeal ensued. At the time of petitioners' request for a preliminary hearing in July of 1982, the provisions of CPL 180.80 provided that such hearing be held within 72 hours of arraignment. Clearly, the preliminary hearing held on July 30, 1982 was untimely. However, the failure to afford petitioners a timely preliminary hearing does not entitle them to immediate release from custody by way of habeas corpus relief. CPL 180.80 was enacted to ensure that a defendant being held in custody on the basis of a felony complaint not be incarcerated for an excessive period of time prior to a judicial determination that there is reasonable cause to believe that he committed a felony (see CPL 180.70). Special Term correctly held that petitioners were not entitled to relief in this proceeding since the Town Justice who conducted the preliminary hearing had already determined that they should be detained pending action by the Grand Jury upon the requisite finding of reasonable cause. Events which have occurred subsequent to Special Term's decision (petitioners have been indicted, tried and convicted) underscore the correctness of that court's determination that petitioners were not entitled to immediate release despite a violation of CPL 180.80. Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Mikoll and Levine, JJ., concur.