OPINION OF THE COURT
Thomas F. McGowan, J.
Defendant has requested reconsideration of the court’s decision of July 15, 1983, denying her motion to dismiss pursuant to CPL 30.30 and 30.20. She has submitted a memorandum of law in support of that request.
Her position is twofold. First, she argues that delay resulting from the scheduling and conduct of a preliminary hearing is not an excludable period of delay. That is, she contends, a preliminary hearing is not “[another] proceeding * * * concerning the defendant” pursuant to CPL 30.30 (subd 4, par [a]). Even if it were, the argument continues, delays in conducting the preliminary hearing do not contribute to a delay in the submission of felony charges to the Grand Jury. An indictment can be handed down at any *506 time, whether or not charges are pending in the local criminal court.
Defendant correctly asserts that a hearing on a felony complaint is not a proceeding within CPL 30.30 (subd 4, par [a]). Pursuant to statute, a defendant has an absolute right to a preliminary hearing unless he or she waives such right (CPL 180.10, subd 2). Unlike a demand to produce, bill of particulars, or pretrial hearing, a preliminary hearing need not be requested by the defendant. It is an integral part of the proceedings against the defendant, akin to Grand Jury proceedings. As such, the delay resulting from holding the preliminary hearing is not excludable as “other proceedings concerning the defendant” (CPL 30.30, subd 4, par [a]).
Thus, if all or part of the delay here is to be attributed to the defendant, it must be pursuant to either CPL 30.30 (subd 4, par [b]), or CPL 30.30 (par [c]). Paragraph (b) of subdivision 4 provides for the exclusion of “the period of delay resulting from a continuance granted by the court at the request of, or with the consent of, the defendant or his counsel.” The adjournment from July 9,1982 to August 19, 1982 appears to fall within this provision. On that occasion, counsel for defendant was not present because he was engaged in another trial. Paragraph (c) of subdivision 4 provides for an exclusion for “the period of delay resulting from the absence or unavailability of the defendant.” The adjournment from May 27, 1982 to July 1, 1982, was the result of the defendant’s failure to appear on the adjourned date for the preliminary hearing.
This notwithstanding, the issue raised by defendant is whether the delay in returning the indictment resulted from the delays in conducting the preliminary hearing. The People may, if they so desire, bypass the preliminary hearing stage entirely by presenting the case to the Grand Jury in the first instance (People v Hodge, 53 NY2d 313). Further, the Grand Jury may act and an indictment may issue even after the filing of a felony complaint and before it is disposed of in the local criminal court (CPL 190.50, subd 5, par [a]; People v Myrdycz, 62 AD2d 1078). This, however, does not compel the conclusion that delays in the *507 local criminal court which are attributable to the defendant may not be excluded in computing the time within which the People must be ready for trial.*
There may be many reasons why the People choose to commence a criminal action by way of a felony complaint. First and foremost is that filing of the felony complaint and the arraignment of the defendant thereon enables the People to obtain a securing order (CPL 180.10, subd 6). This is desirable particularly where an arrest has preceded the filing of the felony complaint. Otherwise, the arrested defendant would have notice of serious charges against him and might be tempted to flee the jurisdiction.
Once the action is commenced in the local criminal court, the People should be permitted, if they so desire, to follow it through to its conclusion in that forum — either dismissal or the obtaining of an order holding the defendant for the action of the Grand Jury. If the People elect to proceed in this fashion, then any delays in the proceedings in local criminal court will necessarily result in delay in returning an indictment. To put it another way — the People should not be forced by time constraints to present a case to the Grand Jury irrespective of its status in the local criminal court and without regard to delays in the local criminal court occasioned by the defendant.
Defendant’s second argument is that the felony complaint was defective and that the time during which it remained defective should be charged to the People. Her reasoning is that, notwithstanding statements of readiness by the People, they should not be deemed able and ready to proceed with the preliminary hearing if the felony complaint is defective.
A preliminary hearing will- not take place, of course, if the felony complaint is dismissed. The only statutory grounds for dismissal prior to the preliminary hearing or indictment is contained in CPL 140.45. That section requires dismissal when the felony complaint is not sufficient on its face and “the court is satisfied that on the basis of the available facts or evidence it would be impossible to *508 draw and file an accusatory instrument which is sufficient on its face”. There is no statutory basis for dismissing a felony complaint because it is defective (cf. CPL 170.35, 180.40).
In the instant case, the felony complaint may have been defective because the address where the crime took place was incorrectly stated. However, this did not render the complaint insufficient on its face (see CPL 100.40, subd 4; 100.15). Moreover, even if the felony complaint had been insufficient, dismissal would not have been proper because the defect could easily have been, and was in fact, remedied (see CPL 140.45).
Thus, the felony complaint here was properly allowed to stand. Since it was not dismissed and the charge was not reduced to a nonfelony offense (CPL 180.50), commencement of the preliminary hearing was authorized and, indeed, required. The existence of a defective felony complaint did not preclude readiness by the People for purposes of CPL 30.30.
Accordingly, defendant’s motion to reargue is granted. Upon reargument, her motion to dismiss pursuant to CPL 30.20 and 30.30 is denied.

 See People v Sturgis (38 NY2d 625), where the Court of Appeals charged a nine-day delay in the local criminal court, occasioned by defense counsel’s request for an adjournment, to the defendant pursuant to CPL 30.30 (subd 4, par [b]).