OPINION OF THE COURT
Judith A. Hillery, J.
Relator petitioned this court by writ of habeas corpus for his release from custody pursuant to CPL 180.80. In support of his *533 petition, relator contends that on December 27, 1986 he was charged in the Town of Poughkeepsie with burglary in the third degree; that the relator was arraigned on December 28, 1986 in the Town of Poughkeepsie Justice Court and bail was set in the amount of $500 and he was remanded to the Dutchess County Jail; that on January 2, 1987 he qualified for services of the Dutchess County Public Defender; and that on January 9, 1987 the Public Defender entered an appearance on his behalf and moved for the relator’s release pursuant to CPL 180.80 on the grounds that he had been held in custody for more than 144 hours, and had not been indicted nor been afforded a preliminary hearing. The relator further alleges that his motion in Town of Poughkeepsie Justice Court was opposed by the People and was denied by that court on the ground that the relator had never requested a preliminary hearing and, therefore, the release provision of CPL 180.80 had never attached. The Town of Poughkeepsie Justice Court scheduled a preliminary hearing for January 14, 1987. It is the contention of the relator that his continued incarceration is illegal and that CPL 180.80 does not mandate that a preliminary hearing be requested before the statutory time period beings to run.
The People oppose the within petition and aver that at the time of his arraignment, the relator was advised of his right to a preliminary hearing but did not request one at that time nor did the relator object to an adjournment of his case until January 9, 1987 for appearance of counsel. The People allege that on January 9, 1987 the relator appeared with counsel in Town of Poughkeepsie Justice Court and submitted a written motion for his release. It was denied by the Hon. Ira Pergament who set a preliminary hearing date of January 14, 1987 at 6:00 p.m. although defense counsel was not requesting such a hearing at that time. It is the contention of the People that the decision by the Town of Poughkeepsie Justice Court not to release the relator was proper since he never requested a preliminary hearing and could have done so between January 2, 1987, when he qualified for representation by the Public Defender, and the next scheduled court date of January 9, 1987. Finally, the People argue that the policy in the Town of Poughkeepsie Justice Court is to conduct preliminary hearings only upon the request of the defendant or counsel and that the Town of Poughkeepsie Justice Court scheduled a preliminary hearing within 144 hours from the date that the defendant objected to his continued incarceration on January 9, *534 1987. On the basis of the foregoing, the People request the defendant’s petition and request for release be denied.
By reply affirmation, the relator alleges that his case was adjourned from January 2, 1987 to the next scheduled court date of January 9, 1987 and such adjournment was without objection by the relator since this adjourned date was the next scheduled court date for Justice Pergament’s term of Justice Court.
Although the law is well settled in New York that there is no constitutional right to a preliminary hearing (People v Abbatiello, 30 AD2d 11; Matter of Friess v Morgenthau, 86 Misc 2d 852), CPL article 180 directs such a hearing. CPL 180.10 provides: "2. The defendant has a right to a prompt hearing upon the issue of whether there is sufficient evidence to warrant the court in holding him for the action of a grand jury, but he may waive such right * * * 4. The court must inform the defendant of all rights specified in subdivisions two and three. The court must accord the defendant opportunity to exercise such rights and must itself take such affirmative action as is necessary to effectuate them.”
Furthermore, the statutory language of CPL 180.80 is mandatory and provides that "[u]pon application of a defendant against whom a felony complaint has been filed with a local criminal court, and who, since the time of his arrest or subsequent thereto, has been held in custody pending disposition of such felony complaint, and who has been confined in such custody for a period of more than one hundred twenty hours or, in the event that a Saturday, Sunday or legal holiday occurs during such custody, one hundred forty-four hours, without either a disposition of the felony complaint or commencement of a hearing thereon, the local criminal court must release him on his own recognizance unless * * * [t]he failure to dispose of the felony complaint or to commence a hearing * * * was due to the defendant’s request, action or condition, or occurred with his consent” or in the interim he has been indicted by a Grand Jury or the Grand Jury has directed the filing of a prosecutor’s information against him.
Therefore, pursuant to CPL article 180, a defendant has an absolute right to a preliminary hearing unless he or she waives such right, and, furthermore, a preliminary hearing need not be requested by the defendant (People v Edwards, 121 Misc 2d 505, 506). Notwithstanding the issue raised by the People that it is the policy in the Town of Poughkeepsie *535 Justice Court to only conduct preliminary hearings upon the request of the defendant or his counsel, the failure to afford the defendant a preliminary hearing within the time constraints set forth in CPL 180.80 mandates that the defendant be released in his own recognizance. The court notes that the People could have, if they so desired, bypassed the preliminary hearing stage entirely by presenting the defendant’s case to the Grand Jury in the first instance. Nor have the People shown good cause why an order of release of the defendant should not have been issued pursuant to CPL 180.80 (3).
The defendant’s preliminary hearing was held on January 14, 1987 and the defendant was ordered held for the action of the Grand Jury. The court notes that the defendant was not represented by counsel at the time of his arraignment and no evidence was presented that he waived his right to a preliminary hearing at that time. The very purpose of a preliminary hearing is to safeguard a person charged with a felony against being improperly commmitted on the basis solely of some charging complaint and requires a hearing, unless it be waived, before a magistrate to determine whether probable cause exists for holding him until the matter has been presented to and passed upon by the Grand Jury (People v Galak, 114 Misc 2d 719, 723; People v Chambliss, 106 Misc 2d 342, 343). Although not germane to the case at bar, this court holds that a failure to afford a defendant a prompt hearing as mandated by CPL article 180 requires that, upon application, the defendant be released in his own recognizance (see, People v Davis, 118 Misc 2d 122,127).