THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE H. DEVINE, Petitioner, v HARVEY E. STODDARD, as Sheriff of the County of Schoharie, Respondent.

County Court, Schoharie County, March 1, 1989

### APPEARANCES OF COUNSEL

*Roger H. Mallery* for petitioner. *Michael A. West, District Attorney,* for respondent.

### OPINION OF THE COURT

DAN LAMONT, J.

Petitioner is before this court upon a writ of habeas corpus and claims that he is wrongfully held in lieu of bail pursuant to a securing order issued by the Town Court, Town of Seward, pending action by the Grand Jury upon a felony complaint charging him with vehicular assault in the second degree.

#### THE FACTS

On January 29, 1989, petitioner was arrested and charged with the crimes of assault, second degree, vehicular assault, second degree, and driving while intoxicated. The charges are that petitioner on January 28, 1989 did operate a motor

vehicle while in an intoxicated condition and did with criminal negligence cross over the center line of the highway thereby striking an oncoming vehicle driven by one Allison Jones, causing her serious physical injuries including two broken legs and internal injuries. Petitioner was promptly arraigned and confined to the Schoharie County Jail in lieu of bail.

On February 16, 1989, petitioner was released upon his own recognizance by the Town Court based upon his confinement for more than 144 hours without commencement of a preliminary hearing upon the felony complaint (CPL 180.80).

The Town Court at the request of the People scheduled a preliminary hearing for February 20, 1989, for which petitioner appeared with his assigned counsel. After conducting the preliminary hearing, the Town Justice determined and found reasonable cause to believe that petitioner committed the crime of vehicular assault, second degree, and that probable cause existed for holding him until the matter had been presented to the Grand Jury, and accordingly the Town Justice held petitioner for the action of the Grand Jury fixing bail in the amount of $15,000 bond, $7,500 cash. Petitioner is confined in lieu of bail.

ISSUE

When the failure to afford a defendant a preliminary hearing mandates his release upon his own recognizance pursuant to the provisions of CPL 180.80, does the subsequent granting and holding of a preliminary hearing and the finding of reasonable cause by the Town Court constitute sufficient legal basis and good cause for holding and confining defendant in lieu of reasonable bail?

THE LAW

CPL 180.80 provides in mandatory language that: "Upon application of a defendant against whom a felony complaint has been filed with a local criminal court, and who, since the time of his arrest or subsequent thereto, has been held in custody pending disposition of such felony complaint, and who has been confined in such custody for a period of more than one hundred twenty hours or, in the event that a Saturday, Sunday or legal holiday occurs during such custody, one hundred forty-four hours, without either a disposition of the felony complaint or commencement of a hearing thereon, the

local criminal court must release him on his own recognizance".

CPL 530.60 (1) provides as follows: "1. Whenever in the course of a criminal action or proceeding a defendant is at liberty as a result of an order of recognizance or bail issued pursuant to this article, and the court considers it necessary to review such order, it may, and by a bench warrant if necessary, require the defendant to appear before the court. Upon such appearance, the court, for good cause shown, may revoke the order of recognizance or bail. If the defendant is entitled to recognizance or bail as a matter of right, the court must issue another such order. If he is not, the court may either issue such an order or commit the defendant to the custody of the sheriff."

The Appellate Division, Third Department, has stated that "CPL 180.80 was enacted to ensure that a defendant being held in custody on the basis of a felony complaint not be incarcerated for an excessive period of time prior to a judicial determination that there is reasonable cause to believe that he committed a felony (see CPL 180.70)" *(People ex rel. Suddith v Sheriff of Ulster County,* 93 AD2d 954 [3d Dept 1983]).

CONCLUSIONS OF LAW

This court holds and determines that once a Town Justice conducts a preliminary hearing and determines upon a requisite finding of probable cause, that a defendant should be detained pending action by the Grand Jury, the Town Court may properly hold the defendant in lieu of bail for action by the Grand Jury *(see, People ex rel. Suddith v Sheriff of Ulster County, supra).* The mandatory provisions of CPL 180.80 which necessitated the defendant's release were thereafter rendered no longer applicable upon the Town Court's conducting a preliminary hearing and finding probable cause.

Upon the determination by the Town Justice that defendant should be detained pending action by the Grand Jury, the defendant was no longer entitled to recognizance as a matter of right, and the court could legally and properly revoke the order of recognizance and commit the defendant in lieu of bail pending action by the Grand Jury *(see,* CPL 530.60 [1]).

The very purpose of a preliminary hearing and the salutary purpose of CPL 180.80 is to safeguard a person charged in a felony complaint from being improperly committed upon the charging complaint. Town Court's finding after a hearing of

reasonable cause to believe that petitioner committed a felony constitutes a valid and legal basis to hold him in custody in lieu of bail pending action by the Grand Jury.

## CONCLUSION

Accordingly, this court holds and determines that notwithstanding petitioner's prior release pursuant to CPL 180.80, the subsequent holding of a preliminary hearing and determination of reasonable cause to hold petitioner for the action of a Grand Jury authorized Town Court to make a securing order fixing bail pending action by the Grand Jury.

Accordingly, the writ should be and the same hereby is denied.