THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v GREGORY GOODWINE, Defendant.

Criminal Court of the City of New York, New York County, March 10, 1989

### APPEARANCES OF COUNSEL

*Robert M. Baum* and *Gerald Needham* for defendant. *Robert M. Morgenthau, District Attorney (Dan M. Rather* and *John Wolfstaetter* of counsel), for plaintiff.

### OPINION OF THE COURT

ALFRED DONATI JR., J.

Defendant, in custody, charged with criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03 [a class A misdemeanor]) and criminal possession of a weapon in the third degree (Penal Law § 265.02 [a class D felony]), moved on the morning of December 21, 1988 to be released on his own recognizance pursuant to CPL 180.80 on the ground that he was being held in custody on a felony complaint. The People contended CPL 180.80 was inapplicable, that CPL 170.70 governed and that, accordingly, defendant should be held in custody until the end of the day to provide the People with the opportunity to secure the required corrob-

orating affidavit. After oral argument, the court granted defendant's motion from the Bench and now affirms its ruling.

Defendant was arrested at 7:40 P.M. on December 14, 1988 arraigned on December 16, 1988 and initially charged in the complaint with "Crim. Possession of a Weapon 4°" which would be a violation of Penal Law § 265.01, a class A misdemeanor. However, the section cited in the complaint was "PL 265.02", which has reference to a class D felony, namely, criminal possession of a weapon in the *third* degree.

On the "blue back" of the papers before the arraignment Judge, the charges were set forth as "Crim. Poss. Cont. Sub. 7° 220.03" and "Crim. Poss. Weapon 3° 265.02", thus including the felony charge of criminal possession of a weapon in the *third* degree. The complaint contained an apparent typographical error in that, as above noted, the weapon charge was set forth again as a violation of Penal Law § 265.02 but was characterized as "Crim. Possession of a Weapon *4* °" (emphasis added). At arraignment upon application of the People, the typographical error was corrected in that the "4°" citation was changed to "3°".

However, the court treated the accusatory instrument as a misdemeanor complaint, fixed bail, and adjourned the matter to December 21, 1988 as the CPL 170.70 release day. Moreover, the People served CPL 170.20 notice. The complaint, however, remained on the blue form originally used and the file was on the "blue back" ordinarily used for misdemeanor prosecutions rather than on the "yellow" ordinarily used in felony prosecutions. The arraigning Judge set bail at $4,000 but was conscious of the ambiguity, making a notation on the "blue back" that the bail amount was to be reevaluated on the CPL 170.70 release day "re nature of P[eople]'s case".

The issue before the court is the precise characterization of the complaint. CPL 180.80 (3) provides that absent a showing of "good cause" by the People the defendant must be released on his own recognizance when he has been confined in custody pursuant to a felony complaint for 144 hours subsequent to his arrest if the People have not obtained an indictment or commenced a felony hearing. Thus if this accusatory instrument is a felony complaint, as defendant contends, the applicable 144 hours expired at 7:40 P.M. on December 20, 1988, the night prior to the date on which defendant moved for his release. CPL 170.70 (2), by contrast, provides that absent a "good cause" showing by the People, when defendant is in

custody pursuant to a pending misdemeanor complaint he must be released on his own recognizance five days after his arraignment if the People have not converted the complaint to a misdemeanor information unless defendant has waived prosecution by information. Accordingly, if this accusatory instrument is a misdemeanor complaint, as the People argue, December 21, 1988 was the release date pursuant to CPL 170.70 and defendant would be held that additional day.

CPL 1.20 (8) in pertinent part defines a "[f]elony complaint" as a "verified written accusation * * * filed with a local criminal court, which charges one or more defendants with the commission of one or more felonies". CPL 1.20 (7) in pertinent part defines a "[m]isdemeanor complaint" as a "verified written accusation * * * filed with a local criminal court, which charges one or more defendants with the commission of one or more offenses, at least one of which is misdemeanor *and none of which is a felony"* (emphasis added).

The clear language of the statute therefore indicates that a "felony complaint" was before the court; the fact that a blue form and a "blue back" were utilized is not determinative of the issue. Accordingly, the provisions of CPL 180.80 apply and defendant was entitled to immediate release in that the applicable 144 hours expired at 7:40 P.M. on December 20, 1988.