OPINION OF THE COURT
Bruce Allen, J.
The issue in this case is whether the allotted time for holding a defendant in custody under CPL 180.80 should be extended briefly to afford the prosecutor the opportunity to present the case to a Grand Jury. For the reasons stated below, I conclude that such an extension is warranted.
*176 CPL article 180 covers the crucial time period between arrest and preliminary disposition on felony complaints. Section 180.80 provides, in pertinent part, that a defendant who is incarcerated following his arrest must be released in 144 hours if the prosecution does not obtain an indictment or commence a felony hearing. Subdivision (3) permits an extension of the time, however, when the prosecution can show that "good cause” exists for not releasing the defendant. Good cause is defined broadly as "some compelling fact or circumstance” which prevents a disposition within the prescribed time. The subdivision goes on to add that the "interest of justice” may come into play in determining whether an extension is appropriate.
In New York County a defendant who is taken into custody and charged with a felony appears for arraignment 24 to 36 hours later. If bail is set at that proceeding and the defendant is unable to post it, then the case is adjourned to the appropriate court for the so-called "180.80 day”. For example, if the defendant is arrested at noon on a Wednesday, the 180.80 day is the following Tuesday and the 144 hours run out at noon on that day. In this county there are six AP (All Purpose) Parts which take turns receiving the CPL 180.80 cases from the Arraignment Parts. In addition, most felony narcotics cases are sent directly from arraignment to Part N for their 180.80 days.
Here, the defendant was arrested at 12:25 p.m. on November 11, 1988, and charged with criminal sale of a controlled substance in the third degree, a class B felony, and criminal possession of a controlled substance in the third degree, also a class B felony. At the defendant’s arraignment on November 13, the court set bail in the amount of $4,000, and adjourned the case to Part N on November 17, 1988 for the 180.80 day.
Part N is open for business Monday through Friday. As the CPL 180.80 cases are called each day, the prosecutor assigned to the part indicates whether any Grand Jury action has taken place. (Preliminary hearings are rare.) If the prosecutor represents that an indictment has been voted, the case is transferred to Supreme Court and the defendant remains in custody. On the other hand, if the prosecutor states that there will be no indictment, then the case stays in Criminal Court and the defendant is released from custody immediately. From time to time the prosecutor takes a third approach, stating that Grand Jury action is anticipated later on in the day.
*177 That is precisely what happened here. When the defendant’s case was called at approximately 2:30 p.m. the prosecutor requested a second call because the case was about to be presented to the Grand Jury. At that time, however, the defendant had been incarcerated for 146 hours — some two hours beyond the statutory limit. In support of his application to extend the CPL 180.80 time, the prosecutor relied primarily on the busy calendars in Part N. The defense counsel opposed the application, claiming that calendar congestion did not satisfy the good cause exception. I granted the application and informed the parties that a written decision would follow.
There are a number of provisions within the Criminal Procedure Law which contain "good cause” exceptions. The courts have tended to construe these exceptions narrowly. (See, People v O’Doherty, 70 NY2d 479 [1987].) Despite the importance of CPL 180.80, only a handful of decisions have discussed, much less examined, its good cause exception. (See, People ex rel. Barna v Malcolm, 85 AD2d 313 [1st Dept 1982]; People ex rel. Guggenheim v Mucci, 32 NY2d 307 [1973].) In any event, the added reference in CPL 180.80 to "interest of justice” discretion suggests that a case-by-case analysis is called for. (See, People v Rickert, 58 NY2d 122, 128 [1983].)
During the months of November and December in 1988, Part N had the dubious distinction of being one of the busiest courtrooms in our criminal justice system. On any given day 30 to 50 cases were scheduled for the 180.80 day. The daily calendar also contained 60 to 80 additional cases, making a total of 100 to 120 cases. November 17, 1988, the day this defendant appeared in Part N, was fairly typical. Although the number of CPL 180.80 cases was low (approximately 20), the calendar had 20 to 25 more incarcerated defendants, and a grand total of 124 cases.
But does this extraordinary volume constitute a "compelling fact or circumstance” to trigger the good cause extension? In my view, it is sufficient in this case because the prosecutor represented that Grand Jury action would take place in a matter of hours. The extension, therefore, was certain to be a limited one. With 124 cases on the calendar, it is virtually impossible to guarantee that no defendant is held beyond the 144 hours; a myriad of unforeseen difficulties awaits the court each day.
Even so, I would not have granted an extension if this type of request were made routinely. It is made, however, in less *178 than 1 case out of 10. That small percentage is not unreasonable in light of the calendar congestion and its related evils, such as long lines outside the Grand Jury rooms. Nor does it make sense to require a detailed accounting from the prosecutor in charge of the case before ruling on the request. To take that prosecutor out of the Grand Jury room would cause further delay.
I am mindful of the line of cases holding that court congestion does not relieve the prosecutor from his duty to answer ready for trial under CPL 30.30. (See, People v Brothers, 50 NY2d 413 [1980]; People v Kendzia, 64 NY2d 331 [1985].) These cases are not controlling here because they are premised on the notion that court congestion is unrelated to the prosecutor’s failure to be ready. (People v Brothers, 50 NY2d, supra, at 417.) After all, when a prosecutor answers ready for trial, he has no way of knowing if a courtroom is available; it is assumed that the trial will proceed without further delay. In sharp contrast, calendar congestion and the 180.80 day are inextricably linked. For all parties concerned, the 180.80 day is an elaborate and exhausting game of "Beat the Clock”.
In the best of all judicial worlds there would be additional court parts and additional Grand Juries (as well as the necessary personnel from the many agencies involved) to eliminate calendar congestion and the attendant CPL 180.80 problems. Until that day arrives, however, the ends of justice would be served best by a reading of the statute which reflects reality.
In this case, for example, the Grand Jury voted — at approximately 4:00 p.m. on November 17 — to indict the defendant on the top count. That crime, criminal sale of a controlled substance in the third degree, carries a maximum sentence of 25 years in jail. If the defendant had been released at 2:30 p.m. pursuant to CPL 180.80, is there any reason to expect him to return voluntarily to face such a serious charge? The Judge at the defendant’s arraignment concluded that $4,000 bail was necessary to ensure his appearance; any lesser amount upon the filing of the indictment only six days later would be inappropriate.
Ironically, the Legislature can defuse this troublesome issue merely by changing the CPL 180.80 time calculation from hours to days. CPL 170.70, the twin statute dealing with the preliminary proceedings on misdemeanor complaints, refers to days rather than hours. There does not appear to be any basis *179 for the use of different time measures in these statutes. And since CPL 170.70 runs from the arraignment day rather than from the time of arrest, sometimes the actual time spent in custody between arrest and preliminary disposition is greáter for those charged with misdemeanors. This anomaly, too, should be corrected.
In sum, good cause exists for extending the CPL 180.80 time for an hour or so when the prosecutor is able to state that Grand Jury action will take place shortly. Neither legal precedent nor common sense requires a different conclusion. Accordingly, the prosecutor’s motion to extend in this case is granted.