■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DANIEL ARSHACK, on Behalf of WILLIAM ELLIS, Appellant, v RICHARD KOEHLER, as Commissioner of Correction of the City of New York, Respondent.—Judgment, Supreme Court, New York County (Carol Berkman, J.), entered December 7, 1988, dismissing petitioner's application for a writ of habeas corpus, unanimously affirmed, without costs.

Defendant moved in the late afternoon before Justice Berkman for release on parole on the ground that earlier in the day another Judge in a Criminal Court Part (Max Sayeh, J.) had refused to discharge defendant from custody despite a showing that over 144 (actually 147) hours had expired from the time of defendant's arrest upon a felony complaint without indictment, and that this violation of CPL 180.80 entitled him to parole in his own recognizance with exoneration of bail. Defendant urged that the Criminal Court had lost jurisdiction of defendant as follows:

"THE COURT: What is the status?

"MR. CIBBARELLI [ADA]: We are indicting him.

"THE COURT: I will put this down—

"MR. ARSHACK [defense counsel]: Your Honor, 180.80 hour has passed. I will ask that Mr. Ellis be paroled at this time.

"THE COURT: That is denied. I will give him [the ADA] until five o'clock [to report an indictment].

"MR. ARSHACK: Your Honor, *the Court no longer has jurisdiction to hold him.*

"THE COURT: I am going to give him until five o'clock." (Emphasis added.)

This blunt threshold challenge was invalid, inasmuch as the court clearly had *jurisdiction* over defendant provided "the people have shown good cause why such order of release should not be issued." (CPL 180.80 [3].) The Criminal Court implicitly found good cause in the statement of the Assistant District Attorney that "[w]e are indicting him." This assertion of the imminence of indictment as "good cause" was not addressed by defendant. Thus the alleged error is not pre-

served, and by the time the matter came before Justice Berkman she regarded the issue as moot by reason of the Grand Jury's issuance of an indictment.

We do not find the issue to be moot before us since this situation will undoubtedly recur (see, People v Sweeney, 143 Misc 2d 175), and more likely than not evade direct review (cf., Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715; People ex rel. Barna v Malcolm, 85 AD2d 313, appeal dismissed 57 NY2d 675). However, we also do not find that this record adequately presents the broad issue that defendant would now have us face, namely, whether the disposition of this case was affected by any pervasive Criminal Court "policy" to rewrite CPL 180.80 to mean six days, so as to authorize the court to hold defendant until 5:00 P.M. at the close of day for court business whether or not the applicable hourly limit had expired before that time. For future guidance we may say that the statutory reference to a 144-hour limitation period from arrest to indictment (where a weekend intervenes) means what it says, and cannot be made subject to judicial construction translating the given hourly time frame into a less exacting interval measured by days. And, where the People seek even a brief enlargement of the applicable hourly period, they must advance "good cause", which does not mean the "imminence" of an indictment, standing alone, as the basis for a routine extension until the close of the same business day. Concur—Murphy, P. J., Sullivan, Carro, Wallach and Rubin, JJ.