■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LORENZO

WAGNER, Appellant, v GEORGE INFANTE, as Sheriff of the County of Albany, Respondent.—Mikoll, J. Appeal from a judgment of the County Court of Albany County (Keegan, J.), entered February 27, 1990, which dismissed a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, after a hearing.

Petitioner was arrested August 30, 1989 and subsequently charged with three counts of criminal sale of a controlled substance in the third degree and single counts of criminal possession of a controlled substance in the third and fourth degrees. On September 7, 1989, petitioner commenced this CPLR article 70 proceeding for a writ of habeas corpus, seeking his release for failure to conduct a preliminary hearing within the 144-hour period established by CPL 180.80.* County Court held that the 144-hour period does not commence until petitioner demands a preliminary hearing. Because the court found that the time limit of CPL 180.80 had not yet expired, the court dismissed the writ. This appeal by petitioner ensued.

Initially it must be noted that, prior to County Court's order, petitioner pleaded guilty to possession of a controlled substance. With this plea, therefore, petitioner is no longer entitled to the relief requested in his petition for a writ of habeas corpus, namely, his release for failure to comply with CPL 180.80. While petitioner concedes that the issue he raised is now moot, he contends that this court should nevertheless address it as an exception to the mootness doctrine (see, Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714).

It is well established that an issue, though technically moot in a given case, can nonetheless be addressed where the likelihood of the issue's repetition is evident, where there is a significant and novel issue, and the situation typically evades review. This matter has previously received judicial attention (see, People ex rel. Arshack v Koehler, 151 AD2d 309; People ex rel. Vancour v Scoralick, 140 AD2d 658; People ex rel. Cradle v Sheriff of Ulster County, 93 AD2d 954, lv denied sub nom. People ex rel. Suddeth v Sheriff of Ulster County, 60 NY2d 551; People v Phillips, 88 AD2d 672; People v Goodwine, 142 Misc 2d 1080; People ex rel. Gilbert v Scoralick, 134 Misc 2d 532). However, it is an issue which has evaded review in this Department because of time constraints. The fact that the

---

* The maximum period for which a defendant may be detained is extended to 144 hours in the event that a Saturday, Sunday or a legal holiday occurs during such custody. The 144-hour limit was applicable here.

issue has been determined in other jurisdictions within the State also presents a compelling argument for its review here. Because it is a substantial question not passed on previously by this court, a determination of the legal issues raised is warranted in this case.

The language of the statute is unequivocal. Entitled "Proceedings upon felony complaint; release of defendant from custody upon failure of timely disposition", CPL 180.80 speaks directly to the "custody" or confinement of a defendant, the start of which always begins at the moment of arrest (see, *People ex rel. Vancour v Scoralick, supra; see also, People ex rel. Arshack v Koehler, supra; People ex rel. Gilbert v Scoralick, supra*, at 534; *People v Edwards*, 121 Misc 2d 505, 506; Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 180.80, at 175-176). Thus, the contention that the period for confinement addressed by the statute would begin at the time of the request of a preliminary hearing is misguided. The burden of ensuring that such a hearing is held falls on the prosecution (see, *People ex rel. Gilbert v Scoralick, supra*, at 534; *People v Edwards, supra*, at 506). CPL 180.10 (4) provides that "[t]he court * * * must itself take such affirmative action as is necessary to effectuate [a preliminary hearing]". Furthermore, it has been noted that "[t]he burden is on the prosecution to commence a hearing before the magistrate within the time limitation under [CPL 180.80]" (1 Callaghan, Criminal Procedure in New York § 12:02 [1987 rev ed]).

Finally, we note that respondent could have effectively refuted petitioner's claim for release with a showing of good cause as set forth by CPL 180.80 (3). There is no indication that respondent offered such evidence.

Judgment modified, on the law, without costs, to the extent of dismissing the petition as moot solely because of petitioner's plea of guilty, and, as so modified, affirmed. Mahoney, P. J., Weiss, Mikoll, Levine and Harvey, JJ., concur.