OPINION OF THE COURT
Per Curiam.
Under CPL 140.20 (1), a police officer, after performing without unnecessary delay the required preliminary police duties, must without unnecessary delay bring a person arrested without a warrant to a local criminal court for arraignment. This appeal involves consolidated habeas corpus proceedings challenging the various prearraignment delays to which persons arrested in New York County were subject. The first proceeding (the Roundtree proceeding) was heard in Supreme Court, New York County (Soloff, J.), and the second proceeding (the Lovells proceeding) was heard in the same court (McQuillan, J.). The trial courts reviewed the existing arrest procedures in New York County and granted the petitions to the extent of providing that arrestees held in custody for more than 24 hours without arraignment are entitled to release unless an acceptable explanation for the delay is given. The Appellate Division affirmed and granted leave to this court. We find no reason on the record before us to disturb the order of the court below.
In January 1990, the Legal Aid Society established a practice of filing habeas corpus proceedings against the New York City Police and Correction Commissioners on behalf of arrestees who remained in prearraignment custody in excess of 24 *425 hours. As of April 20, 1990, there were in excess of 9,000 such arrestees. Justice Soloff consolidated these writs into one proceeding (the Roundtree proceeding). At the time of the decision, each arrestee had been arraigned. Justice Soloff nonetheless invoked the mootness exception because the issue surrounding the prearraignment delay is "the quintessential issue 'capable of repetition, yet evading review’ ”. Neither party now disputes that the issues raised are properly reviewable under this mootness exception.
Justice Soloff expressly detailed the facts concerning some representative relators, including Sei Boo who was arrested for selling umbrellas without a license and was arraigned 94 Vi hours after arrest and Harold Fernandez who was arrested for a "B” felony drug sale and arraigned approximately 45 hours after his arrest. Justice Soloff reviewed the Second Circuit’s decision in Williams v Ward (845 F2d 374 [2d Cir 1988], cert denied 488 US 1020) which held that the Fourth Amendment of the United States Constitution was not violated when arrestees in the Boroughs of Manhattan, The Bronx, Brooklyn and Queens were arraigned within 72 hours of arrest.
Reaching essentially the same factual conclusions as the Second Circuit in Ward, she concluded that the arrest-to-arraignment steps follow a general pattern: "the arrestee is brought to the arresting officer’s precinct where the case is reviewed by a superior officer, forms are filled out and fingerprints usually taken. The next stop is Central Booking for photographing, and either initial or, if needed, further fingerprinting and transmission of the prints to Albany. Also at Central Booking, the defendant is usually interviewed by a Criminal Justice Agency (CJA) caseworker to obtain information for the court to use at arraignment in fixing a securing order. At Central Booking, the arrestee and officer part company. During the time that fingerprint records are awaited and CJA is at work, the arresting officer goes to the District Attorney’s complaint room to have the case evaluated and the complaint drawn. If the complaint room is closed, the officer returns the next day. All the paper work is then assembled. The defendant, meanwhile, must be collected from whatever precinct he has been lodged if space limits at 100 Centre Street have not permitted him to be brought directly from Central Booking to the courthouse. Once in the courthouse, the case papers must be docketed and the [arrestee] * * * must be made available for counsel interview, interviewed and arraigned.”
*426 Justice Soloff also found, consistent with the Second Circuit’s conclusions in Ward, that the initial 11 to 15 hours following arrest are generally consumed by the above police functions and the "totality of the processes” can usually be completed "in 24 hours with time to spare including any travel which must be done within New York County”. She found all the arrestees were held longer than 24 hours and that little attempt was made to explain the delays. The trial court concluded that, under these circumstances, a period of delay over 24 hours raises a presumption that the delay is unnecessary within the meaning of CPL 140.20 (1), requiring, on demand, a satisfactory explanation of that delay. "Obviously”, the court noted, "there are situations which will justify considerably greater delay as well as those which will not. Moreover, the nature of this proceeding * * * makes it unnecessary and inappropriate (as well as impossible) to try to identify and evaluate all of the situations which might require relief’. Accordingly, she granted the habeas petitions to the extent of ordering that an arrestee who has been held in custody for more than 24 hours without an acceptable explanation is entitled to immediate release.
Thereafter, the Legal Aid Society continued its practice of filing writs of habeas corpus for other New York County warrantless arrestees (the Lovells proceeding). Justice McQuillan granted in part certain of these habeas petitions on the basis of unexplained delays in arraignments exceeding 24 hours, relying on Justice Soloffs decision in the Roundtree proceedings interpreting CPL 140.20 (1) and on his interpretation of the New York State Constitution (art I, § 12 ["unreasonable seizure”]; § 6 ["due process”]).
The Appellate Division affirmed the two judgments of Supreme Court (164 AD2d 56). Upon reviewing Justice Soloffs factual findings as to the period necessary to produce and "affirming] them as such”, the Appellate Division agreed that generally there is "no reason why the prearraignment process cannot be completed within 24 hours.” (164 AD2d, at 66.) Accordingly, the court agreed with the guideline "that a delay of arraignment of more than 24 hours is presumptively unnecessary and, unless explained, constitutes a violation of CPL 140.20 (1)” (id., at 68). The Appellate Division then granted respondents’ motion for leave to appeal to this Court.
CPL 140.20 (1) requires that "[u]pon arresting a person without a warrant, a police officer, after performing without *427 unnecessary delay all recording, fingerprinting and other preliminary police duties required in the particular case, must * * * without unnecessary delay bring the arrested person or cause him to be brought before a local criminal court and file therewith an appropriate accusatory instrument charging him with the offense or offenses in question.” (Emphasis added.) The Legislature did not set rigid temporal limits in enacting CPL 140.20 (1); nor do we in construing it (see, Matter of Ayers v Coughlin, 72 NY2d 346). Rather, the statute requires that a prearraignment detention not be prolonged beyond a time reasonably necessary to accomplish the tasks required to bring an arrestee to arraignment.
As the Appellate Division below recognized, this obligation is important given that "the deprivation entailed by prearraignment detention is very great with the potential to cause serious and lasting personal and economic harm to the detainee. * * * [T]his deprivation is one as to which no predicate is established in advance and, indeed, which may ultimately be found to have been unwarranted.” (164 AD2d, at 63.) It is against this backdrop and the realities of the arrest process as it exists in large urban centers such as New York County that we review the Appellate Division’s order. The Appellate Division concluded that the steps leading up to arraignment can generally be accomplished well within 24 hours after arrest and that the delays present in each of the consolidated proceedings here were "unnecessary” within the meaning of CPL 140.20 (1). We find no reason on this record to disturb this conclusion.
Accordingly, the order of the Appellate Division should be affirmed, without costs.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in Per Curiam opinion.
Order affirmed, without costs.