■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK REEVES, Appellant.

Approximately two hours after defendant forcibly stole a woman's purse in a subway station, he was apprehended after taking a small black bag from the front seat of a parked taxicab. Approximately eighteen hours later, defendant was identified in a lineup by the woman whose handbag was stolen. Defendant was arraigned the following evening for both crimes.

After defendant was arrested on misdemeanor charges for the theft of the bag from the taxicab, the District Attorney's office was fully justified in immediately arranging for a lineup so as to ascertain whether defendant had also committed the handbag robbery before presenting any charges to the arraignment court. Defendant's argument that the People delayed his arraignment so that an unduly suggestive lineup could be held without benefit of counsel is without merit *(People v Blake,* 35 NY2d 331, 340; *compare, People v Pruitt,* 112 Misc 2d 914 [Sup Ct, Bronx County]). Accordingly, we reject defendant's related arguments that he was deprived of effective assistance of counsel by trial counsel's failure to timely raise the question of delay and that the hearing court abused its discretion in denying a full hearing on that issue. In addition, the hearing court properly denied defendant's motion to suppress the identification testimony since the lineup was not so suggestive as to create a risk of irreparable misidentification *(People v Talley,* 155 AD2d 368, *lv denied* 75 NY2d 925). Concur— Ellerin, J. P., Kupferman, Ross and Smith, JJ.