■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GERARD FISHER, Respondent. [604 NYS2d 223] —Appeal by the People from an order of the Supreme Court, Kings County (Douglass, J.), entered July 20, 1992, which granted that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the order is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress identification testimony is denied, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on the indictment.

The defendant was arrested in possession of a stolen livery cab at about 10:30 P.M. on July 9, 1990, and, at 12:30 A.M. on July 10, 1990, he was identified from a photographic array by the owner of the livery cab as one of the men who robbed him of his cab. The defendant was taken to the courthouse for arraignment later on July 10, 1990. However, before he could be arraigned, a detective removed him from the courthouse holding pen and brought him to the precinct for the purpose of a lineup identification. The lineup was held at 7:00 P.M. on July 10, and the defendant was ultimately arraigned on July 11, approximately 40 hours after his arrest. The hearing court granted that branch of the defendant's omnibus motion which was to suppress the lineup identification on the ground that the delay in arraignment deprived him of the right to counsel. The court further found that the complainant did not have an independent source for an in-court identification.

In general, a defendant is not entitled to counsel at a prearraignment lineup before an accusatory instrument has been filed *(see, People v Hawkins,* 55 NY2d 474, *cert denied* 459 US 846; *see also, People v Coates,* 74 NY2d 244, 248). While a delay in arraignment may cause the right to counsel to attach, such delay does not require the automatic suppression of evidence obtained during the delay *(see, e.g., People v Hopkins,* 58 NY2d 1079; *People v Hall,* 158 AD2d 69; *People v Mosley,* 135 AD2d 662; *People v Pruitt,* 112 Misc 2d 914).

Here, the court's finding that the defendant's arraignment was unduly delayed is supported by the record *(see, People ex rel. Maxian v Brown,* 77 NY2d 422; *People v Lockwood,* 44 NY2d 769, *revg* 55 AD2d 17 *on dissenting opn of Cappozzoli, J.).* We conclude, however, based on all the circumstances, that the court erred in finding that the delay was for the purpose of depriving the defendant of the right to counsel *(see, e.g., People v Quartieri,* 171 AD2d 889; *People v Reeves,* 179

AD2d 355; *People v Pruitt, supra; cf., People v Blake,* 35 NY2d 331, 340). Even though the defendant had been identified previously in a photographic array as one of the robbers, the police were justified in seeking a lineup identification prior to the defendant's arraignment. An attorney plays a relatively passive role at a lineup identification, and "the importance of staging a prompt viewing is paramount to the desirability of counsel's presence at such identifications, if delay is involved" *(People v Blake, supra,* at 337). The hearing court determined that the lineup procedure was fairly conducted, and the delay was not for the purpose of subjecting the defendant to a suggestive lineup in the absence of counsel. Moreover, it is noteworthy that the lineup identification occurred about 20 hours after the defendant's arrest, and the remainder of the delay, although not explained, was not demonstrative of an intent to deprive him of the right to counsel *(see, e.g., People v Quartieri, supra).*

As the defendant was not improperly deprived of his right to counsel at the prearraignment lineup procedure, and the procedure was not suggestive, the People were not required to establish that the complainant had an independent source for an in-court identification *(see generally, United States v Crews,* 445 US 463; *People v Burts,* 78 NY2d 20; *People v Pleasant,* 54 NY2d 972, *cert denied* 455 US 924). Accordingly, the order granting the defendant's motion to suppress identification testimony is reversed and the motion is denied. Mangano, P. J., Sullivan, O'Brien and Ritter, JJ., concur.