■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL BRAXTON, Appellant. [650 NYS2d 562] —Judgment, Supreme Court, New York County (Martin Rettinger, J.), rendered October 18, 1994, convicting defendant, after a jury trial, of robbery in the first and second degrees, and sentencing him to concurrent terms of 4 to 12 years and 3 to 9 years, respectively, unanimously affirmed.

The record indicates that the delay between arrest and arraignment was reasonable for purposes of further investigation, and did not violate defendant's right to counsel (*People v Blake,* 35 NY2d 331, 340; *People v Reeves,* 179 AD2d 355). Further, the record supports the hearing court's determination that the lineup procedure was in no way unduly suggestive.

The trial court's determination that defendant's proffered explanation for the exercise of peremptory challenges against the two subject panelists constituted mere pretext for purposeful racial discrimination is supported by the record and will not be disturbed by this Court (*see, People v Payne,* 88 NY2d 172).

Viewing the identification charge as a whole, inclusion of the "sufficient certainty" language constitutes harmless error (*People v Vasquez,* 181 AD2d 459, *lv denied* 79 NY2d 1055), as does the court's inadvertent use of the term "defendant", rather than "perpetrator" (*People v West,* 159 AD2d 378, *lv denied* 76 NY2d 744).

We have considered defendant's additional claims of error and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Rubin, Ross and Mazzarelli, JJ.