■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD MACK, Appellant. [665 NYS2d 529] —Appeal by the defendant from a judgment of the County Court, Nassau County (Calabrese, J.), rendered March 31, 1995, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that the photographic array and the lineup from which the victim identified him were unduly suggestive, and therefore that the hearing court erred in denying his motion to suppress. The defendant's contentions are without merit.

The general rule is that a photographic array is deemed to be suggestive when some characteristic of one picture draws the viewer's attention to that picture, indicating that the police have made a particular selection (*see, People v Robert,* 184 AD2d 597, 598; *People v Emmons,* 123 AD2d 475, 476). Despite the defendant's focus on the differences between the photographs, we are satisfied upon this record that there are suf-

ficient similarities between the photographs to establish that the procedure was not suggestive (*see, People v Gettys,* 162 AD2d 963; *People v Dubois,* 140 AD2d 619). In addition, the mere fact that a detective told the victim beforehand that a suspect had been arrested did not render the otherwise proper photographic array suggestive (*see, People v Rodriguez,* 64 NY2d 738; *People v Smith,* 140 AD2d 647).

Similarly, the lineup was not unduly suggestive. There was a sufficient degree of resemblance between the fillers and the defendant to render the lineup proper (*see, People v Rosado,* 222 AD2d 617; *People v Livieri,* 171 AD2d 815; *People v Allah,* 158 AD2d 605). Significantly, neither of the two defense attorneys who were present at the lineup raised any objection to the fillers or the procedure used in conducting the lineup (*see, People v Brown,* 169 AD2d 528).

The defendant further contends that the court erred in denying his application to withdraw his plea of guilty. We disagree. The defendant, who was well-experienced with the criminal justice system, voluntarily, knowingly, and intelligently pleaded guilty (*see, People v Harris,* 61 NY2d 9), and he failed to put forth any satisfactory rationale to support his application to withdraw that plea (*see, People v Walters,* 176 AD2d 277; *People v Pettway,* 140 AD2d 721; *People v Melendez,* 135 AD2d 660).

Finally, the record does not support the defendant's contention that he was denied the effective assistance of counsel (*see, People v Baldi,* 54 NY2d 137; *People v Candelaria,* 139 AD2d 752). O'Brien, J. P., Thompson, Santucci and Joy, JJ., concur.