■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANNY MORALES, Appellant. [733 NYS2d 617] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lott, J.), rendered May 15, 1998, convicting him of murder in the second degree, robbery in the first degree, and robbery in the second degree, upon a jury verdict, and sentencing him to concurrent indeterminate terms of 25 years to life imprisonment on his conviction for murder in the second degree, $12\frac{1}{2}$ to 25 years imprisonment on his conviction for robbery in the first degree, and $7\frac{1}{2}$ to 15 years imprisonment on his conviction for robbery in the second degree. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification evidence and his statements to law enforcement officials.

Ordered that the judgment is modified, on the law, by reducing the sentence imposed on the conviction of robbery in the second degree from an indeterminate term of $7\frac{1}{2}$ to 15 years imprisonment to an indeterminate term of 5 to 15 years imprisonment; as so modified, the judgment is affirmed.

The defendant contends that the People failed to prove at trial the voluntariness of his statements to law enforcement officials. Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to prove the voluntariness of the defendant's statements and to prove his guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Contrary to the defendant's contention, the trial court properly denied his request for a missing witness charge. A missing witness charge is appropriate where it is shown that "the uncalled witness is knowledgeable about a material issue upon which evidence is already in the case; that the witness would naturally be expected to provide noncumulative testi-

mony favorable to the party who has not called him, and that the witness is available to such party" (*People v Gonzalez,* 68 NY2d 424, 427; *see, People v Fields,* 76 NY2d 761). The People established that the witness in question was not knowledgeable about a material and relevant issue and that his testimony would be cumulative (*see, People v Macana,* 84 NY2d 173, 177; *People v Gonzalez, supra*). In any event, even if the trial court erred in failing to grant the defendant's request for a missing witness charge, the error was harmless in light of the overwhelming evidence of the defendant's guilt. Given the defendant's statements and those of the prosecution witnesses, there is not a significant probability that the defendant would have been acquitted (*see, People v Fields, supra*; *People v Crimmins,* 36 NY2d 230, 241).

As the People correctly concede, the sentence imposed on the conviction of robbery in the second degree, which was committed in 1992, was illegal (*see,* Penal Law former § 70.02 [2] [a]; [4]). However, it is clear that the trial court intended to impose upon the defendant the maximum sentence, and we find that it would be appropriate to do so. Consequently, the judgment is modified to reflect the intention of the court (*see, People v Dorch,* 117 AD2d 677). The defendant's sentence in all other respects is not excessive (*see, People v Suitte,* 90 AD2d 80).

Contrary to the defendant's contention, the photographic identification procedure was not unduly suggestive (*see, People v Mack,* 243 AD2d 731).

The defendant's remaining contentions are without merit. O'Brien, J. P., Altman, Goldstein and H. Miller, JJ., concur.