OPINION OF THE COURT
William E. Garnett, J.
*495 When does GPL 180.80 time begin to run when a defendant is removed from Central Booking on an unrelated charge for the purpose of a lineup?
On October 7, 2003, at about 10:15 p.m., the defendant was arrested for felony drug charges. The court file including, primarily, the defendant’s fingerprint record showed that he was in Central Booking by, at least, 1:40 a.m. on October 8, 2003. Thus, had the defendant’s arrest processing continued uninterrupted, his “180.80” date, if bail had been set, would have been Friday, October 10, 2003, as Monday, October 13, 2003, was a court holiday.
However, at some point during the defendant’s arrest processing on the drug charges, he was removed to a precinct for the purpose of conducting a lineup in an unrelated robbery case in which the complaining witness had made a photo identification of the defendant. The defendant was identified in a lineup at 12:45 p.m. on October 8, 2003.
The District Attorney was unable to definitively establish at what time, between 1:40 a.m. and 12:45 p.m., on October 8, 2003, the police had removed the defendant from Central Booking.
The defendant was arraigned on October 9, 2003 in the day session. Therefore, the defendant’s arraignment on the drug charges had been delayed for more than 24 hours. The arraignment judge had set the “180.80” date on the robbery case for October 10, 2003. In addition, the court had also set one dollar bail on the drug case. Thus, presumably, based on the arraignment judge’s bail decisions, the defendant would have been released on his own recognizance but for the robbery charges.
Prior to the close of business on October 10, 2003, the People argued that the correct “180.80” date on the robbery case was Tuesday, October 14, 2003. The District Attorney contended that the defendant had been placed under arrest at the time of the complainant’s lineup identification, i.e., 12:45 p.m. on October 8, 2003. In support of its position, the prosecution offered the arrest report and referred to the CPL 710.30 (1) (b) notice which each had the same date and time. The court and the defense questioned the prosecution’s calculation of the “180.80” date by its reliance on the arresting officer’s arbitrary conclusion that the arrest of the defendant had coincided with his identification by the complainant at the lineup. Clearly, the defendant had earlier been removed from the arrest process on the drug charge and had been returned to a precinct for the purpose of conducting a lineup.
*496 CPL 180.80 mandates the release of a defendant at a specified time after the defendant’s “arrest” unless the District Attorney obtains action as specified in subdivision (2) or the exceptions in subdivisions (1) and (3) are applicable. In this case, the District Attorney did not invoke any of the CPL 180.80 exceptions. Ultimately, the prosecution conceded the argument and the defendant was released pursuant to CPL 180.80.
Although this issue was technically mooted by the prosecution’s concession, this issue is one which should be addressed under the exception to the mootness doctrine. This case meets the criteria for the application of the exception. (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]; People ex rel. Wagner v Infante, 167 AD2d 630, 631-632 [3d Dept 1990].) This issue will ineluctably be confronted again in the future. Further, a resolution of the dispute would be significant and novel in the context of the application of the CPL 180.80 time parameters. Finally, this issue evades review because of time constraints in that, as in this case, the People concede or the defendant is indicted while the court mulls its decision. Thus, the resolution of this issue fits squarely within the requirements of the exception to the mootness doctrine.
In the typical case, a defendant is arrested on the street and brought to the precinct. If a lineup is contemplated, the defendant remains in the precinct until the lineup has been constituted and the complainant has arrived. In this setting, no one would argue that, for the purposes of setting the correct “180.80” date, the statutory time began to run at the time of the defendant’s arrest on the street and not when the complainant made an identification at a lineup. By analogy, applying this scenario to the factual setting in this case, the defendant’s arrest occurred when he was removed from the arrest process on the drug charges and not when the complainant made the lineup identification. Any other interpretation would seem to invite mischief. If the lineup identification time were relied on as the baseline for setting the correct “180.80” date, a defendant could be held nearly interminably awaiting the completion of a lineup without any accrual of his or her statutory rights.
The determination of when an arrest has occurred is a decision which is vested in the courts based on the application of an objective standard. (People v Yukl, 25 NY2d 585 [1969].) A police officer’s subjective conclusion that an arrest has occurred is never determinative of the issue. (People v Fenti, 175 AD2d 598 [4th Dept 1991].)
*497 Moreover, CPL 140.20 (1) requires that an arraignment after an arrest without a warrant be accomplished without “unnecessary delay.” Thus, a defendant has a statutory right to a reasonably prompt arraignment. This seemingly amorphous right has been made tangible by the Court of Appeals decision in People ex rel. Maxian v Brown (77 NY2d 422 [1991]). The Court implicitly defined “without unnecessary delay” as that period of time “reasonably necessary to accomplish the tasks required to bring an arrestee to arraignment.” (People ex rel. Maxian v Brown, supra at 427.) The remedy for a denial of this right is the granting of a writ of habeas corpus.
Thus, when a defendant is arrested, she or he is invested with the statutory rights granted by CPL 180.80 and 140.20. These liberty interests inure to the benefit of the arrestee. When an arrestee is removed from the arrest process for a purpose unrelated to the charge for which he or she has been arrested, the requirements of these statutes are not waived or obviated. The arrestee’s removal from Central Booking, however justified, is a break in the chain of arrest processing and, most often, necessarily precludes an arraignment without “unnecessary delay.” In order to achieve an accommodation between competing statutory and law enforcement interests, the removal of a defendant from arrest processing for investigation on a new charge must be deemed the functional equivalent of an arrest for the purpose of vindicating a defendant’s “180.80” rights on the new matter. To rule otherwise would consign a defendant to limitless detention while the police complete the investigation of a new matter. In this situation, the police, rather than the courts which are charged with enforcing statutory limits, would define the defendant’s “180.80” rights with the only limit being the arresting officer’s conscience or convenience.
In this case, the defendant was removed from arrest processing between 1:40 a.m. and 12:45 p.m. on October 8, 2003. Thus, for the sole purpose of setting the statutorily required “180.80” date, the defendant’s arrest necessarily occurred during this time period. The People were unable to specify the time of the defendant’s departure from Central Booking. Therefore, the defendant’s removal could have occurred during the early morning hours of October 8, 2003. A removal during this time period would have compelled the arraignment court to set the “180.80” date for October 10, 2003. Thus, in conclusion, the prosecution’s request to set the “180.80” date as October 14, 2003 is denied *498 as the defendant may have been taken out of arrest processing on the drug charges early on the morning of October 8, 2003.