The People of the State of New York, Respondent, v Joseph Killimayer, Appellant. [837 NYS2d 288]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Hayes, J.), rendered August 4, 2005, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that

branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's argument that the photographic array was rendered unduly suggestive by the presence of height markers behind some of the stand-ins is unpreserved for appellate review (*see generally People v Gray*, 86 NY2d 10, 18 [1995]). In any event, the test for determining whether a pretrial identification was so unfair as to be violative of due process is whether " 'the confrontation . . . was so unnecessarily suggestive and conducive to irreparable mistaken identification that [defendant] was denied due process of law' " (*People v Logan*, 25 NY2d 184, 187 [1969], *cert denied* 396 US 1020 [1970], quoting *Stovall v Denno*, 388 US 293, 301-302 [1967]). In the case of a photo array, "[t]he general rule is that [it] is deemed to be suggestive when some characteristic of one picture draws the viewer's attention to that picture, indicating that the police have made a particular selection" (*People v Mack*, 243 AD2d 731 [1997]). Here, contrary to the defendant's contention, there was nothing in his photograph to indicate that he was shorter than the other participants in the array (*see People v Robert*, 184 AD2d 597, 598 [1992]; *People v Jackson*, 151 AD2d 694 [1989]).

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Finger*, 95 NY2d 894, 895 [2000]; *People v Gray*, 86 NY2d 10, 20 [1995]; *People v Bynum*, 70 NY2d 858, 859 [1987]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Schulz*, 4 NY3d 521, 529 [2005]). Moreover, resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero*, 7 NY3d 633, 644-645 [2006]; *People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero, supra*).

The defendant's remaining contention has been withdrawn by letter dated July 17, 2006. Spolzino, J.P., Florio, Skelos and McCarthy, JJ., concur.