OPINION OF THE COURT
John H. Wilson, J.
This matter presents a unique issue: When is a defendant deemed to be in custody, triggering the time limitations of CPL 180.80?
On December 30, 2007 a felony complaint was sworn to by Police Officer James Tillman against this defendant for one count of robbery in the first degree (Penal Law § 160.15), a class B felony; two counts of robbery in the third degree (Penal Law § 160.05), a class D felony; and related felony and misdemeanor charges. On that same day, based upon the information contained in the felony complaint, an arrest warrant was issued for this defendant by the Honorable Matthew Sciarrino, Judge, Criminal Court of the City of New York, pursuant to CPL 120.30.
At the time that the arrest warrant was issued, defendant Lopez was in custody in New York County on another charge, serving a 10-day sentence. The Kings County arrest warrant was lodged with the Correction Department in New York County on December 30th, acting as a hold on this defendant, pending his production for arraignment in Kings County on the robbery charges.
Defendant was not produced before this court for arraignment until January 8, 2008, 10 days after the Kings County arrest warrant was lodged in New York County. Thus, at his arraignment here in Kings County, defendant moved for his release pursuant to CPL 180.80.
CPL 180.80 states that a defendant “against whom a felony complaint has been filed with a local criminal court, and who, since the time of his arrest or subsequent thereto, has been held in custody pending disposition of such felony complaint” must be released on his own recognizance if said defendant “has been confined in such custody for a period of more than one hundred twenty hours or, in the event that a Saturday, Sunday or legal holiday occurs during such custody, one hundred forty-four hours, without either a disposition of the felony complaint or commencement of a hearing thereon.” Defendant argued that he had been held in excess of 144 hours, and must be released. *467 Initially, the People opposed the defendant’s release, based upon their belief that the defendant was not actually “in custody” on the Kings County warrant until that warrant was vacated by this court at defendant’s arraignment on January 8th. After reviewing a copy of the securing order filed in New York County, which was dated December 30, 2007, this court granted defendant’s application without further opposition or objection from the People.
Typically, the discharge of the defendant from custody would be the end of the matter and render any further discussion moot. This case, however, fits the criteria for an exception to the mootness doctrine.
In Matter of Hearst Corp. v Clyne (50 NY2d 707, 713 [1980]), the Court of Appeals noted that “[i]t is a fundamental principle of our jurisprudence that the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal” (citations omitted). When an issue is moot, “it may not properly be decided by this court unless it is found to be within the exception to the doctrine which permits the courts to preserve for review important and recurring issues which, by virtue of their relatively brief existence, would be rendered otherwise nonreviewable.” (50 NY2d at 714, citing Roe v Wade, 410 US 113, 125 [1973].)
The Court of Appeals identified three factors which would justify an exception to the mootness doctrine: “(1) a likelihood of repetition, either between the parties or among other members of the public; (2) a phenomenon typically evading review; and (3) a showing of significant or important questions not previously passed on, i.e., substantial and novel issues.” (50 NY2d at 714-715.) Where these three factors are present, this issue should be addressed by a court as an exception to the mootness doctrine. (See People v Brown, 5 Misc 3d 529, 530-531 [Sup Ct, Kings County 2004]; People v Mejia, 2 Misc 3d 494, 496 [Crim Ct, Kings County 2003]; Matter of Crystal AA., 271 AD2d 771 [3d Dept 2000]; People ex rel. Wagner v Infante, 167 AD2d 630, 631 [3d Dept 1990].)
This court finds that all three factors are present in the current matter. There is a strong likelihood of repetition of this issue, and given the time constraints imposed by CPL 180.80, this issue is rarely, if ever, reviewed by a court. The novel issue presented by this fact pattern is best stated as follows: Does the service of an arrest warrant upon a defendant in custody in an *468 other jurisdiction constitute an arrest, placing a defendant in custody pursuant to CPL 180.80?
An arrest occurs when a defendant is taken into custody or otherwise deprived of his freedom. This is an objective standard, based upon “what a reasonable man . . . would have thought had he been in the defendant’s position,” not based upon “what the defendant thought.” (See People v Yukl, 25 NY2d 585, 589 [1969] [citations omitted], cert denied 400 US 851 [1970]; see also People v Payne, 41 AD3d 512, 513 [2d Dept 2007]; People v Bailey, 140 AD2d 356, 358 [2d Dept 1988]; People v Newson, 68 AD2d 377, 382 [2d Dept 1979].)
The court’s authority to determine when an arrest has occurred is well settled. In Mejia (supra), the court noted that this power is “vested in the courts based on the application of an objective standard,” and “[a] police officer’s subjective conclusion that an arrest has occurred is never determinative of the issue.” (2 Misc 3d at 496 [citations omitted].)
Mejia had been arrested for drug-related charges on Tuesday, October 7, 2003 at approximately 10:15 p.m., then transported to central booking, where he was fingerprinted and photographed at about 1:40 a.m. While awaiting his arraignment on those charges, he was removed from central booking and placed in a lineup for a robbery charge. He was identified in the lineup at about 12:45 p.m. on Wednesday, October 8, 2003. He was then arraigned on both matters the following day, Thursday, October 9, 2003. (2 Misc 3d at 495.)
Since Monday October 13, 2003 was a holiday, the judge at Mejia’s arraignment scheduled both matters for Friday, October 10, 2003; however, on that day, the People argued that Mejia was not in custody for the robbery until Wednesday, October 8, when he was identified in the lineup. This would make his “180.80 day” Tuesday, October 14. (2 Misc 3d at 495.)
The Mejia court ruled that the defendant was in custody on the robbery charge as of the day he was “removed from the arrest process” on the drug charges, and “not when the complainant made the lineup identification” for the robbery charge. (2 Misc 3d at 496.) The court explained that “[a]ny other interpretation would seem to invite mischief!;] ... a defendant could be held nearly interminably awaiting the completion of a lineup without any accrual of his or her statutory rights” under CPL 180.80. (Id.; see also Wagner, 167 AD2d at 632 [lower court holding that CPL 180.80 time did not commence until defendant requested a preliminary hearing is “misguided”].)
*469 While the facts presented in Mejia are analogous with those presented by the instant matter, leading to the same conclusion, there are significant factual differences which make this matter unique.
In this case, on December 30, 2007, a Judge of the Kings County Criminal Court signed an arrest warrant for this defendant. The arrest warrant was accompanied by a copy of the charges for which the defendant was sought, reduced to a complaint sworn to by the same officer who sought the arrest warrant, and given Kings County docket No. 2007KN096993. Thus, under CPL 180.80, “a felony complaint has been filed with a local criminal court” against defendant Lopez; however, he has not yet “been held, in custody pending disposition of such felony complaint.”
At the time that the arrest warrant was issued in Kings County, Mr. Lopez was in custody in New York County, serving a 10-day jail sentence for petit larceny under docket No. 2007NY096362. Police Officer Tillman, after receiving a signed copy of the Kings County arrest warrant, proceeded to New York County, where said arrest warrant was given a separate docket number, that being 2007NY096363. The Honorable Abraham Clott, Judge, Criminal Court of the City of New York, remanded Mr. Lopez upon the arrest warrant, and a securing order was issued by the New York County Criminal Court, a hold which insured that Mr. Lopez would not be released by the Correction Department upon the conclusion of his 10-day sentence. Instead, he would be sent to Kings County Criminal Court for his arraignment.
As custody is defined in Yukl (25 NY2d at 588-589), “a reasonable man . . . would have thought had he been in the defendant’s position” that he was “deprived of his freedom” by the service of the Kings County arrest warrant in New York County. When the facts are stated in this fashion, it is clear that defendant Lopez was “held in custody pending disposition of such felony complaint” on “a felony complaint... filed with a local criminal court.” Thus, custody of defendant Lopez in this matter, for CPL 180.80 purposes, began on December 30, 2007.
The very language of the securing order itself leaves no doubt that the defendant is in custody — “the defendant named above be and hereby is committed to the custody of the Commissioner of Correction of the City of New York.”
There will be instances when a defendant’s out-of-county sentence is longer than the time provided for under CPL 180.80. *470 In that case, the People need not wait until the securing order takes effect, and the defendant is released from his out-of-county sentence. In such an event, the People could avail themselves of an order to produce to bring a defendant before the arraigning court within their time limitations. Further, nothing prevents the People from securing an indictment of the defendant, or commencing a hearing pursuant to CPL 180.80, within their allotted time limits.
In the instant matter, Mr. Lopez completed his 10-day sentence in New York County on or about January 2, 2008, a Wednesday. Yet, for unknown reasons, he was not produced in Kings County Criminal Court for his arraignment until the following Tuesday, January 8th, a full six days later. That date passed with no grand jury action in this matter, Thus, defendant Lopez was “confined in such custody for a period of more than . . . one hundred forty-four hours, without either a disposition of the felony complaint or commencement of a hearing thereon,” and was released on January 8, 2008 pursuant to CPL 180.80.
Therefore, this court holds that the filing of the Kings County arrest warrant with the New York County Criminal Court on December 30, 2007 was an “arrest” of Mr. Lopez, placing him in custody in this matter, and triggering his rights under CPL 180.80. As was so cogently stated in Mejia, “[t]o rule otherwise would consign a defendant to limitless detention[;] . . . the police, rather than the courts which are charged with enforcing statutory limits, would define the defendant’s ‘180.80’ rights with the only limit being the arresting officer’s conscience or convenience.” (2 Misc 3d at 497.)