■ The People of the State of New York, Respondent, v Anthony Mathis, Appellant. [865 NYS2d 627]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chambers, J.), rendered May 5, 2005, convicting him of criminal sale of a controlled substance in the second degree (two counts), criminal sale of a controlled substance in the third degree (three counts), criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree, and conspiracy in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the photographic array from which the undercover detective identified him was not unduly suggestive (*see People v Killimayer,* 40 AD3d 1118, 1119 [2007]; *People v Mack,* 243 AD2d 731, 731-732 [1997]). As the photographic array was not unduly suggestive, the People were not required to establish an independent source for the detective's in-court identification of the defendant (*see People v Burts,* 78 NY2d 20, 24 [1991]; *People v Chipp,* 75 NY2d 327, 335 [1990], *cert denied* 498 US 833 [1990]; *People v Fisher,* 199 AD2d 279, 280 [1993]).

The defendant's challenge to the Supreme Court's *Sandoval* ruling (*see People v Sandoval,* 34 NY2d 371 [1974]) is also without merit. The Supreme Court properly weighed the probative value of the defendant's prior convictions on the issue of his credibility against the possible prejudice to him, and reached an appropriate compromise ruling (*see People v Dudley,* 52 AD3d 840 [2008]; *People v Rodriguez,* 51 AD3d 950 [2008]).

The defendant's challenges to the legal sufficiency of the evidence supporting his conviction of criminal sale of a controlled substance in the second degree committed on January 10, 2003, criminal possession of a controlled substance in the third degree committed on April 9, 2003, and conspiracy in the second degree committed between November 1, 2002, and April 9, 2003, are

unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of those crimes beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633, 644-645 [2006]).

Finally, the defendant's contention that some of the prosecutor's summation comments were improper is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Tonge,* 93 NY2d 838, 839-840 [1999]). In any event, although some of the challenged remarks were improper (*see People v Ashwal,* 39 NY2d 105 [1976]; *People v Marte,* 207 AD2d 314, 317 [1994]), they did not deprive the defendant of a fair trial and, therefore, do not warrant reversal of the judgment in the exercise of our interest of justice jurisdiction (*see People v Joseph,* 20 AD3d 435 [2005]; *People v Oglesby,* 7 AD3d 736 [2004]). Spolzino, J.P., Ritter, Santucci and Carni, JJ., concur.